## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRCT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>    1015 15th Street NW #600,<br>    Washington, D.C. 20005<br><br>and<br><br>PROJECT ON PREDATORY STUDENT LENDING OF THE LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL,<br><br>    122 Boylston Street,<br>    Jamaica Plain, MA 02130<br><br>           Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    400 Maryland Ave, SW<br>    Washington, D.C. 20202<br><br>           Defendant. | Civil Action No. 18-1201 |

## **COMPLAINT**

1.    Plaintiffs National Student Legal Defense Network ("NSLDN") and Project on Predatory Student Lending of the Legal Services Center of Harvard Law School (the "Project") bring this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2.      This case concerns a document or set of documents known as the "Part II response" or "Part II submission" that was submitted by the Accrediting Council for Independent Colleges and Schools ("ACICS") to ED in May 2016 as part of ACICS's Petition for Continued Recognition as a federally recognized accreditor of institutions of higher education.  NSLDN submitted a FOIA Request seeking this submission on April 4, 2018.  The Project submitted a FOIA Request seeking this submission on April 9, 2018. FOIA's twenty business day deadline for a response has expired for both requests, and the Department has not provided a determination or production in response to either request.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

4.      Venue is proper in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5.      Plaintiff requester the Project on Predatory Student Lending of the Legal Services Center of Harvard Law School is part of the Legal Services Center of Harvard Law School, a nonprofit civil legal services organization located in Jamaica Plain, Massachusetts. The Project provides free, high-quality legal representation to low-income student loan borrowers who have been harmed by the predatory practices of for profit schools, including those accredited by ACICS.

6.      The Project has its principal place of business at 122 Boylston Street, Jamaica Plain, MA 02130.

7.      Plaintiff requester National Student Legal Defense Network is a nonpartisan, non-profit organization incorporated in the District of Columbia.  NSLDN's mission is to work, through a variety of means, to advance students' rights to educational opportunity and to ensure that higher education provides a launching point for economic mobility.  To further its mission, NSLDN gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, among other things, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

8.      Defendant ED is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  ED, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq.*  ED has possession, custody, and control of the records that Plaintiffs seek to obtain and which ED is unlawfully failing to disclose.

## STATEMENT OF FACTS

*Regulatory Context*

9.      In order for an institution of higher education to participate in the federal student assistance programs authorized by Title IV of the Higher Education Act ("HEA"), *e.g.*, to enable students to receive Pell Grants and federally issued Direct Loans, Congress requires an institution to be accredited by an accrediting agency or association recognized by the Secretary of the Department ("Secretary") to be a reliable authority as to the quality of education or training offered.  The Department has therefore referred to accrediting agencies as "'gatekeeper[s] of institutional eligibility for federal student aid programs."  *See* Press Release, U.S. Department of Education Press (Dec. 12, 2016), *available at*:

https://www.ed.gov/news/press-releases/education-department-establishes-enhanced-federal-aid-participation-requirements-acics-accredited-colleges.

10.     As required by Congress, *see* HEA § 496(o), 20 U.S.C. § 1099b(o), ED has established a process for accrediting agencies to apply for recognition, has set standards governing accrediting agency recognition, and has developed a process for ongoing review of accrediting agencies.  *See generally* 34 C.F.R. Part 602.

11.     Specifically, the regulations provide that an entity seeking initial or continued recognition as an accrediting agency must "submit a written application to the Secretary."  34 C.F.R. § 602.31(a).  After an agency submits an application, "Department staff publishes a notice of the agency's application or report in the Federal Register inviting the public to comment on the agency's compliance with the criteria for recognition and establishing a deadline for receipt of public comment."  *Id.* § 602.32(a).

12.     The Department staff then reviews the agency's submission along with any public comments to determine whether the agency satisfies the criteria for recognition, taking into account all available relevant information.  *Id.* § 602.32(b).  When the Department staff completes its evaluation of the agency under review, it "[p]repares a written draft analysis of the agency."  *Id.* § 602.32(f)(1).

13.     The Department staff then sends this draft analysis to the agency, along with "any identified areas of non-compliance and a proposed recognition recommendation, and all supporting documentation, including all third-party comments the Department received by the established deadline."  *Id.* § 602.32(f)(2).

14.     After receiving the agency's response, the Department staff prepares a final written analysis, which it submits to the National Advisory Committee on Institutional Quality and Integrity ("NACIQI").  *Id.* § 602.32(f)(4)-(5).

15.     NACIQI then considers the staff analysis and other provided materials and makes its own recommendation, which it forwards to a "Senior Department Official" ("SDO"), who has the authority to make a decision on behalf of the Department.  *Id.* § 602.36.  The SDO decision may be appealed to the Secretary.  *Id.* § 602.37(a).

***Factual and procedural background***

16.     On January 8, 2016, ACICS submitted a petition for Continued Recognition to ED.  *See ACICS v. DeVos, et al.,* No.16-cv-2448 (RBW) (D.D.C. Mar. 23, 2018), ECF No. 76 (hereinafter the "Remand Decision"), at 6-7.  The initial application consisted of "a narrative submission and approximately one hundred exhibits." *Id.* at 7.

17.     ACICS stood out among accreditors for poor results from schools it accredited. For example, just 35 percent of students at ACICS-accredited schools graduate, "the lowest rate for any accreditor." Annie Waldman, "Who Keeps Billions of Taxpayer Dollars Flowing to For-Profit Colleges? These Guys," ProPublica, November 3, 2015, *available at* https://www. propublica.org/article/accreditors-billions-of-taxpayerdollars-flowing-to-for-profit-colleges. ProPublica further found that "at a typical ACICS-accredited school, about 60 percent of students were unable to repay even $1 of their loan principal three years after graduation," a result 23 percent higher than the national average.  *Id.*  More than one in five students at ACICS-accredited schools defaulted on their loans. *Id.*

18.     Many individuals and groups opposed ACICS's continued recognition.  *See* U.S. Department of Education Staff Report to Senior Department Official on Recognition Compliance

Issues, available at https://opeweb.ed.gov/aslweb/finalStaffReports.cfm?aID=15&mid=68

(noting that "approximately 40 written third-party comments" on behalf of individuals,

organizations, and state entities were received, "reflect[ing] negative views regarding[ACICS]").

19.     During its consideration of ACICS's January 2016 Petition for Continued

Recognition, ED sought "further information, and [d]ocumentation . . . on questions" related to

ACICS's application. *Id.* (alterations in original). In particular, ED sought information about

ACICS's recognition criteria and referenced "problem schools."  *Id.* at 7-8.

20.     ACICS submitted its "Part II response" to ED's further questions via thumb drive

on May 19, 2016.  *Id.* at 9.

21.     According to ACICS, the Part II response contained:

- A 27-page single-spaced narrative responding to each of the Department's
  questions regarding specific recognition criteria . . . ; and
- Approximately 36,000 pages of documents relating to:
    - [Its] adverse actions taken against dozens of campuses of schools
      that [it] has accredited;
    - Accreditation application materials submitted to [it] by specific
      institutions identified by the Department, and [its] evaluations of
      those institutions' applications (including site visit reports); and
    - Voluminous email correspondence between [it] and specific
      institutions identified by the Department.

*Id.* at 9-10 (quoting ACICS brief) (alterations in original).

22.     On December 12, 2016, the Secretary of Education—consistent with the

recommendations of Department staff and NACIQI, as well as the decision of the SDO—

terminated the Department's recognition of ACICS as a nationally recognized accrediting

agency.  *See* https://www2.ed.gov/documents/acics/final-acics-decision.pdf ("Termination

Decision").  The Termination Decision was, on its face, based upon "pervasive noncompliance"

by ACICS with numerous regulatory criteria.  *Id.*

23.     On December 15, 2016, ACICS challenged the Termination Decision and sought immediate injunctive relief in the United States District Court for the District of Columbia. Complaint, *ACICS v. DeVos, et al.,* No.16-cv-2448, (D.D.C. Dec. 15, 2018), ECF No. 1.

24.     ACICS argued that ED violated the Administrative Procedure Act (APA) by failing to consider its Part II response, and filed its Part II response under seal for the court's consideration and examination.  Pl. Motion to Supplement the Administrative Record, *ACICS v. DeVos, et al.,* No.16-cv-2448, March 31, 2017, ECF No. 41. The motion and the document were filed under seal because they contained personally identifiable information. *Id.*

25.     On March 23, 2018, the court held that ED had violated the APA by failing to consider ACICS's Part II response, and denied ACICS's motion to supplement as moot. Remand Decision 65, ECF No. 76.  The court remanded the Termination Decision back to the Secretary, but did not vacate that decision.

26.     Following the entry of the Remand Decision, on April 3, 2018, the Secretary issued an Order vacating the Termination Decision.  In her April 3 order, the Secretary acknowledged that she was directed to review the Part II response.  The Secretary's Order stated: "As a result of the district court's remand, there is no final decision on the recognition petition that ACICS submitted to the Department Accreditation Group staff in January 2016 regarding its recognition period that was set to expire in December 2016.  Accordingly, ACICS's status as a federally recognized accreditation agency is restored effective as of December 12, 2016." *See* https://www2.ed.gov/documents/press-releases/acics-docketno-16-44-0.pdf.

27.     The Secretary's Order further states that "[t]his order notifies ACICS that I will consider the Part II submission in reaching a recognition decision on remand."

THE PROJECT'S FOIA REQUEST

28.     On April 9, 2018, the Project submitted a FOIA request to ED requesting the Part

II submission submitted to ED by ACICS on May 19, 2016.  A true and correct copy of that

request (hereinafter the "Project Request") is attached hereto as Exhibit A.  More specifically,

the Project Request sought:  "the approximately 36,000 pages of exhibits which were submitted

by ACICS to the Department on a thumb drive on May 19, 2016."

29.     On April 10, 2018, ED acknowledged its receipt of the Project Request,

"forwarded" it "to the primary responsible office(s) for action," and assigned tracking number

18-01502-F.  A true and correct copy of this communication is attached hereto as Exhibit B.

30.     On May 8, 2018, the Project received a letter from the Department's FOIA

Service Center stating that "[t]he Department of Education's goal is to respond to FOIA requests

within 20 business days of receipt of your request.  As your request seeks documents that will

require a thorough search by the office your request was assigned to, the Department may not

meet the 20-working-day timeframe."  The letter continues: "If you haven't received your

responsive documents within 30 days from receipt of this letter, please check on the status of

your request on the Department's FOIA Web page at

http://www2.ed.gov/policy/gen/leg/foia/foiatoc.html and click on the ***Requests Status Log*** link

under '**More Resources**.'"  A true and correct copy of this communication is attached hereto as

Exhibit C.

31.     As of May 22, 2018, the Department's FOIA Status Log has not been updated to

reflect any events after March 8, 2018.  Accordingly, the FOIA Status Log does not indicate that

the Department has received the Project Request, let alone provide information on its status.

32.     As of the filing of this Complaint, the Department has not made a determination

as to the Project Request, notwithstanding its obligation under FOIA to respond within twenty

business days.

33.     Through the Department's failure to make a determination as to the Project

Request within the time period required by law, the Project has constructively exhausted its

administrative remedies and seeks immediate judicial review.

<u>NSLDN'S FOIA REQUEST</u>

34.     On April 4, 2018, NSLDN submitted a FOIA request to ED requesting the Part II

submission submitted to ED by ACICS on May 19, 2016.  A true and correct copy of that request

(hereinafter the "NSLDN Request") is attached hereto as Exhibit D.  More specifically, the

NSLDN Request sought:

> All documents constituting ACICS's Part II response or Part II
> submission, as described above and by the District Court in its March 23,
> 2018 Order in *Accrediting Council for Independent Colleges and
> Schools v. DeVos*, No. 16-cv-2448 (D.D.C.).

35.     On April 7, 2018, ED acknowledged its receipt of the NSLDN Request,

"forwarded" it "to the primary responsible office(s) for action," and assigned tracking number

18-01472-F.  A true and correct copy of this communication is attached hereto as Exhibit E.

36.     On May 1, 2018, NSLDN received a letter from the Department's FOIA Service

Center stating that "[t]he Department of Education's goal is to respond to FOIA requests within

20 business days of receipt of your request.  As your request seeks documents that will require a

thorough search by the office your request was assigned to, the Department may not meet the 20-

working-day timeframe."  The letter continues: "If you haven't received your responsive

documents within 30 days from receipt of this letter, please check on the status of your request

on the Department's FOIA Web page at http://www2.ed.gov/policy/gen/leg/foia/foiatoc.html and

click on the **Requests Status Log** link under '**More Resources**.'" A true and correct copy of this communication is attached as Exhibit F.

37.     As of May 22, 2018, the Department's FOIA Status Log has not been updated to reflect any events after March 8, 2018. Accordingly, the FOIA Status Log does not indicate that the Department has received the NSLDN Request, let alone provide information on its status.

38.     As of the filing of this Complaint, the Department has not made a determination as to the NSLDN Request, notwithstanding its obligation under FOIA to respond within twenty business days.

39.     Through the Department's failure to make a determination as to the NSLDN Request within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks immediate judicial review.

40.     At least one other entity in addition to NSLDN and the Project has filed a FOIA request for the Part II response. See Exhibit G (FOIA request from Ben Miller, Center for Amercian Progress).

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records With Respect to the Project Request

41.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42.     Through the Project Request, Plaintiff Project properly requested records within the possession, custody and control of ED.

43.     ED is an agency subject to FOIA and it must therefore make reasonable efforts to search for requested records.

44.     ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the Project Request.

45.     ED's failure to conduct adequate searches for responsive records violates FOIA.

46.     Plaintiff the Project is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the Project Request.

<b><u>COUNT II</u><br>Violation of FOIA, 5 U.S.C. § 552<br>Wrongful Withholding of Non-Exempt Records With Respect to the Project Request</b>

47.     Plaintiffs repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48.     Through the Project Request, Plaintiff the Project properly requested records within the possession, custody, and control of ED.

49.     ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

50.     ED is wrongfully withholding non-exempt records requested by Plaintiff the Project by failing to produce records responsive to the Project Request.

51.     ED's failure to provide all non-exempt responsive records violates FOIA.

52.     ED has failed to meet its obligation to promptly produce records responsive to the Project Request.

53.     Plaintiff the Project is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the Project Request and

provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records With Respect to the NSLDN Request

54.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55.     Through the NSLDN Request, Plaintiff NSLDN properly requested records within the possession, custody and control of ED.

56.     ED is an agency subject to FOIA and it must therefore make reasonable efforts to search for requested records.

57.     ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request NSLDN.

58.     ED's failure to conduct adequate searches for responsive records violates FOIA.

59.     Plaintiff NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the NSLDN Request.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records With Respect to the NSLDN Request

60.     Plaintiffs repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

61.     Through the NSLDN Request, Plaintiff NSLDN properly requested records within the possession, custody, and control of ED.

62.     ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

63.     ED is wrongfully withholding non-exempt records requested by Plaintiff NSLDN by failing to produce records responsive to the NSLDN Request.

64.     ED's failure to provide all non-exempt responsive records violates FOIA.

65.     ED has failed to meet its obligation to promptly produce records responsive to the NSLDN Request.

66.     Plaintiff NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the NSLDN Request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully requests the Court to:

(1) Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA requests;

(2) Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin ED from continuing to withhold any and all non-exempt records responsive to Plaintiffs FOIA requests;

(4) Order ED to make available for public inspection in an electronic format records responsive to Plaintiffs' FOIA requests pursuant to 5 U.S.C. § 522(a)(2)(D);

(5) Award Plaintiffs attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

/s *Toby R. Merrill*
Toby R. Merrill
(DDC Bar Number MA0006)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
tomerrill@law.harvard.edu
(617) 390-3003

/s *Martha U. Fulford*
Martha U. Fulford
(D.C. Bar Number 1011954)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

*Counsel for Plaintiffs*

Dated:  May 22, 2018